[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13114

_____

D.C. Docket No. 7:13-cv-01275-LSC

JAMES SULLIVAN,

Plaintiff-Appellee,

versus

PJ UNITED INC.,
DOUGLAS STEPHENS,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 23, 2016)

Before HULL and ANDERSON, Circuit Judges, and MORENO,* District Judge.

_____

* The Honorable Federico A. Moreno, United States District Judge for the Southern District of
Florida, sitting by designation.

PER CURIAM:

We have had the benefit of oral argument, and have carefully reviewed the briefs and the record. For the reasons fully discussed at oral argument, we conclude that the judgment of the district court should be affirmed.

The Arbitration Agreement in this case expressly delegated to the Arbitrator the resolution of any issue concerning the enforceability of any provision of the Agreement. The Agreement, under the heading, "Different Parts of Agreement," provides:

> I agree that the arbitrator, and not any federal, state, or local court or agency, shall have the exclusive authority to resolve any dispute relating to the interpretation, arbitrability, applicability, enforceability or formation of this Agreement including, but not limited to, any claim that all or any part of this Agreement is void or voidable.

The Arbitrator relied on a decision of the NLRB holding that the waiver of class arbitration in this very Agreement was unenforceable pursuant to the National Labor Relations Act.[1] The Arbitrator then applied Alabama law: that a contract to commit an illegal act should not be enforced as written but rather should be

---

[1] Defendants-Appellants do not challenge the NLRB decision in this court.

reformed.[2]  Accordingly, the Arbitrator excised the provision of the Agreement waiving class arbitration.  The Arbitrator then construed the Arbitration Agreement with that provision excised.

Our review of the Arbitrator's decision is limited: "the sole question . . . is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong."  Oxford Health Plans LLC v. Sutter, 133 S.Ct. 2064, 2068 (2013).  We cannot conclude that the Arbitrator in this case failed to at least arguably base his decision on the text of the parties' contract and the relevant law.

Accordingly, the judgment of the district court is

AFFIRMED.

---

[2]    On appeal, Defendants-Appellants do not challenge this statement of Alabama law.